**Last revised August 1, 2017**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

In Re:                                                                                        Case No.: _____

Candice Brooks                                                                   Judge: _____
Mark Brooks,

                    Debtors

**Chapter 13 Plan and Motions**

☒  Original            ☐  Modified/Notice Required            Date:  01/10/2018
☐  Motions Included    ☐  Modified/No Notice Required


THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*.  Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___SJG_____            Initial Debtor: _CB_____            Initial Co-Debtor: _MB_____

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $ __1450__ per __month__ to the Chapter 13 Trustee, starting on __February 1, 2018__ for approximately __60__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

| **Part 2:** | **Adequate Protection** ☒ **NONE** |
|---|---|

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

| **Part 3:** | **Priority Claims (Including Administrative Expenses)** |
|---|---|

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 1950 plus additional and/or supplemental fees as applied for and granted pursuant to DNJ LBR 2016-5 and 11 U.S.C. §327 |
| DOMESTIC SUPPORT OBLIGATION | DSO | None |
| Internal Revenue Service | Income Tax Arrears | $15929.81 |
| State of NJ – Division of Taxation | Income Tax Arrears | $1973.82 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☐ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: |  |  |

| Part 4: | Secured Claims |
|---|---|

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Nationstar Mortgage, LLC | First Mortgage | $51,500.00 | 0.00 | 51,500.00 | $1853.00 as periodically adjusted for tax and insurance escrow |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:
- Jersey Central FCU
- Thrift Investment Corp.

5

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| St. Mary's High School | Debtor's daughter attends and needs to graduate. | Payment at 100% | $5800.00 |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

| Part 7:    Motions ☒ NONE |
|---|
| **NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.** |
| **a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**  ☒ **NONE** <br> The Debtor moves to avoid the following liens that impair exemptions: |

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

| **b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☒ **NONE** |
|---|
| The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above: |

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

| **c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE** |
|---|
| The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above: |

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| **Part 8: Other Plan Provisions** |
|---|

**a. Vesting of Property of the Estate**

☐ Upon confirmation

☒ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other administrative claims, including attorneys fees
3) Secured Claims and arrears
4) Priority Claims
5) General unsecured claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| **Part 9:   Modification  ☒ NONE** |
|---|

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan? ☐ Yes    ☐ No
☒ No

| **Part 10:   Non-Standard Provision(s): Signatures Required** |
|---|

8

Non-Standard Provisions Requiring Separate Signatures:
☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date:  01/10/2018                         /s/Scott J. Goldstein
                                          Scott J. Goldstein
                                          Attorney for the Debtor

                                          /s/Candice Brooks
Date:  01/10/2018                         Candice Brooks
                                          Debtor

Date:  01/10/2018                         /s/Mark Brooks
                                          Mark Brooks
                                          Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any must sign this Plan.

Date:  01/10/2018                                    /s/Scott J. Goldstein
                                                     Scott J. Goldstein
                                                     Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:  01/10/2018                                    /s/Candice Brooks
                                                     Candice Brooks
                                                     Debtor

Date:  01/10/2018                                    /s/Mark Brooks
                                                     Mark Brooks
                                                     Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                           Case No. 18-10786-SLM
Candice Brooks                                                   Chapter 13
Mark Brooks
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-2         User: admin              Page 1 of 2          Date Rcvd: Jan 16, 2018
                             Form ID: pdf901          Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 18, 2018.
```
db/jdb        +Candice Brooks,    Mark Brooks,    218 Lafayette St.,    Roselle, NJ 07203-1724
517277873    #+Bank Of America,    Nc4-105-03-14,    Po Box 26012,    Greensboro, NC 27420-6012
517277875     +Capital One,    Bankruptcy Department,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
517277874     +Capital One,    Attn: General Correspondence/Bankruptcy,    Po Box 30285,
               Salt Lake City, UT 84130-0285
517277876     +Chase,    Attn: Bankruptcy Dept,    Po Box 15298,    Wilmington, DE 19850-5298
517277877     +Chase Card Services,    Attn: Correspondence,    Po Box 15278,    Wilmington, DE 19850-5278
517277878      Comenity Bank,    Attn: Bankruptcy,    P.O. Box 182125,    Columbus, OH 43218-2125
517277881     +Ctech Coll,    5505 Nesconset Hwy,    Mount Sinai, NY 11766-2037
517277884     +Geico,    One Geico Plaza,    Bethesda, MD 20811-0002
517277885     +Gentle Dental,    221 Chestnut Street,    Roselle, NJ 07203-1280
517277887     +Jersey Central Fcu,    Po Box 661,    Cranford, NJ 07016-0661
517277888     +KML Law Group, PC,    216 Haddon Ave, Ste 406,    Westmont, NJ 08108-2812
517277892     +Nationstar Mortgage LLC,    Attn: Bankruptcy,    8950 Cypress Waters Blvd,
               Coppell, TX 75019-4620
517278697     +Orion,    c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517277893     +St. Mary's High School,    64 Chestnut Street,    Rutherford, NJ 07070-1783
517277895     +State of NJ,    Division of Taxation,    PO Box 046,    Trenton, NJ 08601-0046
517277894      State of NJ,    Surcharge Violation System,    PO Box 4850,    Trenton, NJ 08650-4850
517277896    ++T MOBILE,    C O AMERICAN INFOSOURCE LP,    4515 N SANTA FE AVE,    OKLAHOMA CITY OK 73118-7901
              (address filed with court: T Mobile,    PO BOX 742596,    Cincinnati, OH 45274)
517277897     +TekCollect Inc,    Po Box 1269,    Columbus, OH 43216-1269
517277898     +Thrift Investment Corp,    720 King George Post Rd,    Fords, NJ 08863-1985
517277899     +Trident Asset Management,    Attn: Bankruptcy,    Po Box 888424,    Atlanta, GA 30356-0424
517277900     +Verizon,    Verizon Wireless Bankruptcy Administrati,    500 Tecnolgy Dr Ste 500,
               Weldon Springs, MO 63304-2225
517277901     +Verizon Wireless - Bankruptcy,    500 Technology Drive,    Suite 550,
               Saint Charles, MO 63304-2225
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Jan 17 2018 00:01:21      U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 17 2018 00:01:18      United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
517277872     +E-mail/Text: bankruptcy@sccompanies.com Jan 17 2018 00:02:33      Ashro,    1112 7th Ave,
               Monroe, WI 53566-1364
517277879     +E-mail/PDF: creditonebknotifications@resurgent.com Jan 17 2018 00:05:52      Credit One Bank,
               Attn: Bankruptcy Dept,    585 Pilot Rd,    Las Vegas, NV 89119-3619
517277880     +E-mail/PDF: creditonebknotifications@resurgent.com Jan 17 2018 00:05:41      Credit One Bank Na,
               Po Box 98873,    Las Vegas, NV 89193-8873
517277882     +E-mail/Text: pa_dc_ed@navient.com Jan 17 2018 00:05:50      Dept Of Ed/Navient,
               Attn: Claims Dept,    P.O. Box 9635,    Wilkes Barr, PA 18773-9635
517277883     +E-mail/Text: bankruptcynotices@dcicollect.com Jan 17 2018 00:01:58
               Diversified Consultants, Inc.,    Diversified Consultants, Inc.,    Po Box 551268,
               Jacksonville, FL 32255-1268
517277886     +E-mail/Text: cio.bncmail@irs.gov Jan 17 2018 00:00:53      IRS,    Centralized Insolvency,
               PO Box 7346,    Philadelphia, PA 19101-7346
517277889     +E-mail/Text: bnckohlsnotices@becket-lee.com Jan 17 2018 00:00:42      Kohls/Capital One,
               Kohls Credit,    Po Box 3043,    Milwaukee, WI 53201-3043
517277890     +E-mail/PDF: resurgentbknotifications@resurgent.com Jan 17 2018 00:06:05
               LVNV Funding/Resurgent Capital,    Po Box 10497,    Greenville, SC 29603-0497
517277891     +E-mail/Text: bankruptcydpt@mcmcg.com Jan 17 2018 00:01:17      Midland Funding,
               Attn: Bankruptcy,    Po Box 939069,    San Diego, CA 92193-9069
                                                                                               TOTAL: 11
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

```
District/off: 0312-2           User: admin              Page 2 of 2                Date Rcvd: Jan 16, 2018
                               Form ID: pdf901          Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 18, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 14, 2018 at the address(es) listed below:
              Scott J. Goldstein    on behalf of Joint Debtor Mark  Brooks sjg@sgoldsteinlaw.com,
               cmecf.sgoldsteinlaw@gmail.com;notices@uprightlaw.com;G31979@notify.cincompass.com
              Scott J. Goldstein    on behalf of Debtor Candice  Brooks sjg@sgoldsteinlaw.com,
               cmecf.sgoldsteinlaw@gmail.com;notices@uprightlaw.com;G31979@notify.cincompass.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                         TOTAL: 3
```