| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>G. Glennon Troublefield, Esq.<br>Christopher J. Buggy, Esq.<br>CARELLA, BYRNE, CECCHI,<br>OLSTEIN, BRODY & AGNELLO, P.C.<br>5 Becker Farm Road<br>Roseland, New Jersey 07068<br>Tel. (973) 994-1700<br>Fax (973) 994-1700<br>gtroublefield@carellabyrne.com<br>cbuggy@carellabyrne.com<br><br>*Attorneys for St. Mary's of the Assumption Catholic Church And St. Mary of the Assumption High School* |

| | |
|---|---|
| In Re:<br><br>CANDICE BROOKS and MARK BROOKS,<br><br>               Debtors. | Case No. 18-10786 (SLM)<br>Chapter 13<br><br>Judge: Honorable Stacey L. Meisel, U.S.B.J. |

### ST. MARY'S OF THE ASSUMPTION CATHOLIC CHURCH AND ST. MARY OF THE ASSUMPTION HIGH SCHOOL'S OBJECTION TO THE CONFIRMATION OF THE CHAPTER 13 PLAN

St. Mary's of the Assumption Catholic Church (the "Church") and St. Mary of the Assumption High School (the "High School") (collectively, "St. Mary"), by and through their undersigned counsel, hereby object to the confirmation of the Chapter 13 Plan as proposed by the joint Debtors Candice Brooks ("C. Brooks") and Mark Brooks (the "Debtors").

### BACKGROUND

1.  The Church is located in Elizabeth, New Jersey and operates the High School to provide a Roman Catholic based education to its students.

2.  The High School is located at 237 South Broad Street, Elizabeth, New Jersey

07202.

3. On January 14, 2018, the Debtors filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Code"). On that date, the Debtors filed a Chapter 13 Plan (the "Plan").

## THE DEBTORS' OBLIGATIONS OWED TO ST. MARY

4. The Debtors enrolled their daughter, A.B., in the High School.

5. At part of the Debtors' decision to enroll A.B., they agreed to pay monthly tuition to the High School as a condition for their daughter to attend. To pay the required monthly tuition, the Debtors entered into an agreement with St. Mary, pursuant to which the Debtors agreed to pay the monthly tuition by payments to be made to the High School through Smart Tuition. Smart Tuition is a financial solution and tuition management service providers that assist parents in paying tuition for private and parochial schools.

6. The Debtors agreed to pay tuition for A.B. by making monthly tuition payments to Smart Tuition during the academic school year. Specifically, in accordance with the Debtors' agreement with St. Mary, Smart Tuition advised the Debtors generally of, *inter alia*, (a) the amount of each payment, (b) when tuition invoices would be delivered, (c) when tuition payments should be made in advance of the due date, (d) the due date for each payment, and (e) late and failed payment fees. The Debtors agreed to the terms and conditions without objection.

7. Each month, Smart Tuition invoiced the Debtors, setting forth the amount of the monthly tuition payment that was due and the due date.

## AMOUNT DUE

8. The Debtors failed to make all monthly payments that became due pre-petition.

9. For the 2016-2017 academic school year, Smart Tuition invoiced the Debtors the

2

total aggregate sum of $6,800. Of that amount, the Debtors paid $3,200, leaving an unpaid principal balance of $3,600.

10. For the 2017-2018 academic year, for the period covering June 30, 2017 through December 30, 2017, the Debtors were invoiced a total aggregate sum of $4,422.26. Of that amount, the Debtors paid $2020, thereby leaving a pre-petition balance due in the total aggregate sum of $2402.26

11. Therefore, the estimated total aggregate sum that remains due and owing to St. Mary for pre-petition monthly tuition is $6,002.26. The amount due will be shown on the proof of claim that will be filed.

OBJECTIONS TO THE PLAN

12. St. Mary objects to the Plan. The Plan provides for the payment at 100% of the amount allegedly due and owing to St. Mary in the amount of $5,800. The Debtors propose to pay that amount over the sixty (60) month life of the Plan.

13. First, the Plan understates the amount that remains due and owing to St. Mary. The Debtors inappropriately attempt to lump together both pre-petition and post-petition monthly tuition payments that were due and owing to St. Mary. Only the pre-petition monthly tuition payments are subject to the Debtors' bankruptcy. The post-petition payments are separate from and are outside of the Debtors' bankruptcy.

14. The Plan is not feasible. A court will not approve a chapter 13 plan unless unsecured creditors are either paid in full or the debtor commits all of his or her "projected disposable income" to the plan for a set period of time. *See* 11 U.S.C. § 1325(b)(1). Because the Debtors are not proposing a 100% plan, private school tuition is not considered to be a necessary expense in bankruptcy. There are alternatives to attending the High School that are available for

the Debtors' daughter, namely attending the local public high school. Therefore, private school tuition owed to St. Mary is not a reasonably necessary expense.

15. Accordingly, the Plan should be rejected for failing to carry their burden to demonstrate compliance with 11 U.S.C. § 1325(b)(1)(B) and because the Plan is not feasible.

16. In addition, Debtors' plan fails to comply with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, St. Mary respectfully requests that the Court reject the Plan and deny confirmation of the same.

                Respectfully submitted,

                CARELLA, BYRNE, CECCHI,
                OLSTEIN, BRODY & AGNELLO, P.C.
                *Attorneys for St. Mary's of the Assumption Catholic*
                *Church and St. Mary of the Assumption High School*

Dated: March 6, 2018       By: /s/ G. Glennon Troublefield
                G. Glennon Troublefield
                Christopher J. Buggy
                5 Becker Farm Road
                Roseland, New Jersey 07068
                Tel: (973) 994-1700
                Fax: (973) 994-1744
                gtroublefield@carellabyrne.com
                cbuggy@carellabyrne.com

#649433